IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 2:18-cv-5827 |
| ADRIENNE ROBINSON THOMAS d/b/a AT TAX SERVICES, | |
| Defendants. | |

## COMPLAINT FOR PERMANENT INJUNCTION

Plaintiff, the United States of America, alleges as follows:

1.     The United States brings this complaint to enjoin Adrienne Robinson Thomas ("Thomas"), doing business as AT Tax Services ("AT"), and any entity through which she conducts business, and all persons and entities in active concert or participation with her, from preparing or filing, or assisting in the preparation or filing of, any federal tax return for any other person or entity.

### Jurisdiction and Venue

2.     This action has been requested by a delegate of the Secretary of the Treasury, and commenced at the direction of a delegate of the Attorney General of the United States, pursuant to the provisions of 26 U.S.C. §§ 7402, 7407, and 7408.

3.     Jurisdiction is conferred on the Court by 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. § 7402(a).

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 26 U.S.C. §§ 7407 and 7408 because Thomas resides in this district and a substantial part of the actions giving rise to this suit took place in this district.

1

5.      Thomas conducts business from her home at 216 Butler Drive in Avondale, Louisiana 70094.

**Thomas' Tax Return Preparation Activities**

6.      Thomas is a high school graduate and attended college for two years.

7.      Thomas has had no formal training as a tax return preparer.  Thomas has prepared federal income tax returns since 2011.

8.      Thomas operates AT Tax Services as a sole proprietorship to prepare tax returns for customers.  Neither Thomas nor AT Tax Services hired employees to aid with tax return preparation.

9.      Thomas is sometimes professionally known as "Yogi" or "Yoshi."

10.      Thomas receives preparation fees from customers' refunds via a return preparer service.  She charges from $250 to $500 to prepare individual returns for customers.

11.      Thomas applied for and obtained a Preparer Tax Identification Number ("PTIN") from the IRS.  The IRS requires PTINs for anyone who prepares or assists in preparing federal tax returns for compensation.

12.      Thomas applied for and obtained an Electronic Filing Identification Number ("EFIN") from the IRS.  The IRS requires EFINs for any business that files federal tax returns electronically.

13.      Thomas is a tax return preparer as defined by 26 U.S.C. § 7701(a)(36).  She prepared other people's Forms 1040 (U.S. Individual Income Tax Return) for compensation at least for tax years 2010 through 2016.

14.      For tax years 2010 through 2016, Thomas filed the following number of returns:

2

| Tax Year | Returns Filed per IRS Records |
|----------|-------------------------------|
| 2010 | 262 |
| 2011 | 318 |
| 2012 | 267 |
| 2013 | 152 |
| 2014 | 123 |
| 2015 | 246 |
| 2016 | 197 |

**Thomas' Unlawful Tax Return Preparation Practices**

15.     Thomas prepares, for paying customers, federal income tax returns (IRS Form 1040) typically containing fabricated household employee ("HSH") income, false tax credits including the Child Tax Credit, education credits, and Earned Income Tax Credit ("EITC"), and fabricated income tax withholdings generating improper refunds for her customers.  The EITC is a refundable tax credit for working people who earn low to moderate incomes.  Thomas also prepares returns for taxpayers without the knowledge of those taxpayers, via identity theft ("ID theft"), with the returns reporting fraudulent HSH income and claiming bogus EITCs.

**Fabricated Household Employee Income and Withholdings**

16.     Individual taxpayers who receive HSH income often do not have income taxes withheld from their wages.  Taxpayers receiving HSH income who have income taxes withheld by employers must have those income tax withholdings reported on a W-2 or Form 1099.

17.     Thomas continually and repeatedly prepares federal income tax returns that include fictitious HSH income and income tax withholdings for customers.  By fabricating HSH

3

income and income tax withholdings, Thomas fraudulently creates income tax refunds for customers.

18.     This practice of manipulating the customers' income through fabricated HSH income and tax withholdings serves an additional purpose: it unlawfully renders many customers eligible for the earned income tax credit ("EITC").

### Bogus Earned Income Tax Credits

19.     Thomas repeatedly prepares tax returns that include bogus claims for the EITC. The amount of the ETIC available per taxpayer is based upon the taxpayer's income, filing status, and number of claimed dependents.  Because the EITC is a refundable credit, claiming it can reduce a taxpayer's federal tax liability below zero in certain circumstances, thereby entitling the taxpayer to a payment from the United States Treasury.

20.     Due to the method used to calculate the EITC, an individual can claim a larger EITC by claiming multiple dependents and, for certain income ranges, individuals with higher earned income are entitled to a larger credit than those with lower earned income.  The amount of the credit increases as income increases between $1 and $14,050, and decreases as income increases beyond $18,350.  This range of earned income corresponding to a maximum EITC has been called the "sweet spot."  For tax year 2017, the maximum EITC was $6,318 and was available to eligible individuals with three dependent children who earned between $14,000 and $23,950.

21.     Pursuant to 26 U.S.C. § 6695(g), tax return preparers are required to comply with due diligence requirements in determining the eligibility of their customers for the EITC. Thomas claimed the EITC for customers on their returns in violation of these requirements.

16638843.1

22.     For tax year 2013, Thomas filed 152 returns for customers.  Thomas claimed bogus EITCs produced by HSH income with no supporting W-2s on 57, or over 37%, of those returns, with refunds totaling $252,506 issued by the IRS.  The IRS was able to stop refunds for seven of those returns.  The IRS determined three of the returns were prepared and filed without the taxpayer's knowledge.

### Bogus Child Tax Credits

23.     Thomas claims false child tax credits on her customers' federal income tax returns.  The amount of a tax credit is offset against a taxpayer's tax liability.  The child tax credit is allowed up to $1,000 for each of the taxpayer's children that qualifies. 26 U.S.C. § 24(a).  To be a qualifying child for purposes of the child tax credit, the child must satisfy a number of requirements, including that the child has lived with the taxpayer for over half of the tax year and is a U.S. citizen, U.S. national, or U.S. resident alien. 26 U.S.C. § 24(c).

24.     The child tax credit is partially refundable.  However, a taxpayer must have at least $3,000 in earned income to be eligible for the refundable portion of the child tax credit. 26 U.S.C. § 24(c).

25.     Thomas improperly claims the child tax credit on her customers' federal income tax returns to inflate the amount of the refunds to which they are entitled.  A taxpayer must have a qualifying dependent to claim the child tax credit.  Thomas, however, claims the child tax credit on her customers' tax returns even though she knows her customers do not have a qualifying dependent and are, therefore, ineligible to receive the credit.

### False Education Credits

26.     Thomas repeatedly reports false education expenses and falsely claims education-related credits, such as the American Opportunity Credit and Lifetime Learning Credit, on

5

customers' tax returns.  The American Opportunity Credit is a refundable credit that reduces taxable income and entitles taxpayers who do not owe taxes to receive a payment from the government of up to $1,000.  The Lifetime Learning Credit is a nonrefundable credit of up to $2,000 available to offset the costs of higher education by reducing the amount of tax owed by a taxpayer.

27.     By claiming education credits for customers who did not actually attend college during the tax year at issue (if ever) and had no qualifying education expenses, Thomas unlawfully reduces her customers' tax liabilities and generates larger refunds.

### ID Theft Scheme

28.     Thomas obtained taxpayers' names and Social Security numbers and filed federal income tax returns without their knowledge or authorization.  Thomas reported fabricated income, often household employee wages ("HSH income"), and claimed bogus income tax withholdings and credits without the taxpayers' knowledge.  These taxpayers did not receive copies of the returns filed using their information or the refunds falsely claimed on the returns.

### Returns Prepared for Customers

#### Customer 1

29.     Thomas prepared a 2013 IRS Form 1040 for Customer 1.  Although Customer 1 hired Thomas, Thomas never met with Customer 1 to prepare her 2013 return.  Thomas listed $12,952 of HSH income on Customer 1's 2013 return.  Customer 1 operated a daycare from her home and did not earn HSH income during 2013.

30.     Thomas prepared and filed Customer 1's 2013 return improperly claiming an EITC of $5,190, an additional child tax credit of $1,493, and a fraudulent refund of $6,683 to which Customer 1 was not entitled.

6

**Customer 2**

31.     Thomas prepared a 2013 IRS Form 1040 for Customer 2.  Thomas spoke with Customer 2 over the phone but never met Customer 2 to prepare her 2013 return.  Thomas listed $18,056 of HSH income on Customer 2's 2013 return.  Customer 2 worked as a certified nursing assistant for two patients in their homes during 2013, and her earnings exceeded the threshold for HSH income.

32.     Thomas prepared and filed Customer 2's 2013 return improperly claiming an EITC of $5,257 and a fraudulent refund of the same amount to which Customer 2 was not entitled.

**Customer 3**

33.     Thomas prepared a 2016 IRS Form 1040 for Customer 3.  Thomas met with Customer 3 to prepare her 2016 return.  Thomas reported an $11,379 Schedule C loss on Customer 3's 2016 return.  Customer 3 worked as a surgical technician during 2016 and has never run a business involving "sitting with elders" as described on the Schedule C.

34.     Thomas prepared and filed Customer 3's 2016 return improperly claiming a Schedule C loss of $11,379 and a fraudulent refund of $1,583 to which Customer 3 was not entitled.

**Customer 4**

35.     Thomas prepared a 2016 IRS Form 1040 for Customer 4.  Thomas met with Customer 4 to prepare her 2016 return.  Thomas reported a $13,446 Schedule C loss on Customer 4's 2016 return.  Customer 4 worked as a laboratory assistant during 2016 and has never run her own business as a lab tech assistant as described on the Schedule C.

16638843.1

36.     Thomas listed a $1,000 education credit on Customer 4's 2016 return.  Customer 4 attended licensed practical nursing courses during 2016 but did not spend over $600 on the courses.  Customer 4 did not discuss education credits with Thomas.

37.     Thomas prepared and filed Customer 4's 2016 return improperly claiming a Schedule C loss of $13,446, bogus education credit of $1,000 and a fraudulent refund of $2,837 to which Customer 4 was not entitled.

38.     Thomas did not discuss the amount of her fee with Customer 4.  Thomas' fee was paid from Customer 4's refund.

**Customer 5**

39.     Thomas prepared a 2016 IRS Form 1040 for Customer 5.  Thomas met with Customer 5 to prepare her 2016 return.  Thomas reported a $17,081 Schedule C loss on Customer 5's 2016 return.  Customer 5 worked full-time as a food service manager during 2016.  Although Customer 5 did run a small retail handbag business during 2016, she did not tell Thomas that her gross income was $0 and her expenses were $17,081, as shown on the Schedule C.

40.     Thomas prepared and filed Customer 5's 2016 return improperly claiming a Schedule C loss of $17,081 and a fraudulent refund of $996 to which Customer 5 was not entitled.

**Customer 6**

41.     Thomas prepared a joint 2016 IRS Form 1040 for Customer 6 and his then-spouse.  Customer 6 never met Thomas but gave documents for tax return preparation to his coworker and friend who knew Thomas.  Thomas reported education credits of $2,500 on Customer 6's 2016 return.  Neither Customer 6 nor his then-spouse attended school during 2016.

8

Customer 6's then-spouse had no communication with Customer 6's coworker or Thomas concerning tax return preparation.

42.     Thomas prepared and filed Customer 6's 2016 return improperly claiming education credits of $2,500 and a fraudulent refund of $3,966 to which Customer 6 and his then-spouse were not entitled.

43.     Thomas did not discuss the amount of her fee with Customer 6 or his then-spouse. Thomas' fee was paid from Customer 6 and his then-spouse's refund.

**Customer 7**

44.     Thomas prepared 2016 and 2017 IRS Forms 1040 for Customer 7.  Customer 7 never met Thomas but gave documents for tax return preparation to an acquaintance who knew Thomas.  Thomas reported education credits of $2,500 on both Customer 7's 2016 and 2017 returns.  Customer 7 did not attend school in 2016 or 2017.

45.     Thomas prepared and filed Customer 7's 2016 and 2017 returns improperly claiming education credits of $2,500 on each and fraudulent refunds of $2,889 for 2016 and $1,867 for 2017 to which Customer 7 was not entitled.

46.     Thomas did not discuss the amount of her fees for the 2016 or 2017 returns with Customer 7.  Thomas' fees were respectively paid from Customer 7's 2016 and 2017 refunds.

**Identity Theft Returns**

47.     Thomas prepared and filed wholly fabricated tax returns using the identifying information of taxpayers, some of whom are incarcerated, to claim fraudulent refunds which the respective taxpayers did not receive.  A portion of the refunds were frozen and recaptured after the fraudulent returns were intercepted by the IRS.  The remainder were deposited in bank accounts the respective taxpayers did not control.

**Taxpayer A**

48.      Thomas prepared and filed a 2010 IRS Form 1040 using the name and Social Security number of Taxpayer A.  Thomas prepared and filed the 2010 return in Taxpayer A's name showing a California address.  Taxpayer A never lived in California.  Taxpayer A did not hire Thomas to prepare a return.

49.      Thomas filed the bogus 2010 return claiming HSH wages of $7,276 and withholdings of $1,454, a $457 EITC and a $2,311 refund.

50.      The $2,311 refund was deposited in an account Taxpayer A did not control.

51.      Taxpayer A did not work as a household employee during 2010.

*Incarcerated Taxpayers*

**Taxpayer B**

52.      Thomas prepared and filed a 2012 IRS Form 1040 using the name and Social Security number of Taxpayer B, an incarcerated individual.  Taxpayer B did not hire Thomas to prepare a return.

53.      Thomas filed the bogus 2012 return claiming HSH wages of $8,245, withholdings of $766, a $440 EITC, and a $1,206 refund.

54.      Taxpayer B was incarcerated in 2012 and could not have earned wages as a household employee during that tax year.  The IRS froze the refund after receiving information concerning Taxpayer B's incarceration during 2012.

**Taxpayer C**

55.      Thomas prepared and filed a 2012 IRS Form 1040 using the name and Social Security number of Taxpayer C, an incarcerated individual.  Taxpayer C did not hire Thomas to prepare a return.

56. Thomas filed the bogus 2012 return claiming HSH wages of $7,452, withholdings of $1,186, a $475 EITC, and a refund of $1,661.

57. The return prepared by Thomas directed the claimed refund to a bank account not controlled by Taxpayer C. Taxpayer C did not receive the $1,661 refund.

58. Taxpayer C was incarcerated in 2012 and could not have earned wages as a household employee during that tax year.

*Other ID Theft*

**Taxpayer D**

59. Thomas prepared and filed a 2012 IRS Form 1040 using the name and Social Security number of Taxpayer D. Taxpayer D did not live at the address claimed on the tax return Thomas prepared and filed. Taxpayer D did not hire Thomas to prepare a return.

60. Thomas filed the bogus 2012 return claiming HSH wages of $5,073, withholdings of $1,138, and a fraudulent refund of $1,138.

61. The IRS intercepted and voided the return Thomas filed using Taxpayer D's information.

**Taxpayer E**

62. Thomas prepared and filed a 2012 IRS Form 1040 using the name and Social Security number of Taxpayer E. Taxpayer E did not live at the address claimed on the tax return Thomas prepared and filed. Taxpayer E did not hire Thomas to prepare a return.

63. Thomas filed the bogus 2012 return claiming HSH wages of $5,391, withholdings of $1,207, and a fraudulent refund of $1,207.

64. The IRS intercepted and voided the return Thomas filed using Taxpayer E's information.

16638843.1

**Taxpayer F**

65.    Thomas prepared and filed a 2012 IRS Form 1040 using the name and Social Security number of Taxpayer F.  Taxpayer F did not live at the address claimed on the tax return Thomas prepared and filed.  Taxpayer F did not hire Thomas to prepare a return.

66.    Thomas filed the bogus 2012 return claiming HSH wages of $5,973, withholdings of $1,162, and a fraudulent refund of $1,160.

67.    The IRS intercepted and voided the return Thomas filed using Taxpayer F's information.

**Taxpayer G**

68.    Thomas prepared and filed a 2012 IRS Form 1040 using the name and Social Security number of Taxpayer G.  Taxpayer G did not live at the address claimed on the tax return Thomas prepared and filed.  Taxpayer G did not hire Thomas to prepare a return.

69.    Thomas filed the bogus 2012 return claiming HSH wages of $7,167, withholdings of $1,167, and a fraudulent refund of $1,642.

70.    The IRS intercepted and voided the return Thomas filed using Taxpayer G's information.

**Taxpayer H**

71.    Thomas prepared and filed a 2012 IRS Form 1040 using the name and Social Security number of Taxpayer H.  Taxpayer H did not live at the address claimed on the tax return Thomas prepared and filed.  Taxpayer H did not hire Thomas to prepare a return.

72.    Thomas filed the bogus 2012 return claiming HSH wages of $6,108, withholdings of $999, a $469 EITC, and a fraudulent refund of $1,468.

16638843.1

73. The IRS intercepted and voided the return Thomas filed using Taxpayer H's information.

**Taxpayer I**

74. Thomas prepared and filed a 2012 IRS Form 1040 using the name and Social Security number of Taxpayer I. Taxpayer I did not hire Thomas to prepare a return.

75. Thomas filed the bogus 2012 return claiming HSH wages of $9,834, withholdings of $1,303, a $318 EITC, and a fraudulent refund of $1,612.

76. The IRS intercepted and voided the return Thomas filed using Taxpayer I's information after Taxpayer I filed a joint return with her husband.

**Harm Caused by Thomas**

77. Thomas' tax return preparation business has harmed her customers, the United States, and the public.

78. Thomas has harmed her customers by charging fees for the preparation of accurate tax returns but instead prepared tax returns with fabricated or exaggerated items that understated customers' tax liabilities and claimed refunds to which the customers were not entitled. In doing so, Thomas has caused her customers to incorrectly report their federal tax liabilities and underpay their taxes.

79. Thomas harms other taxpayers by using their identities to prepare and file returns with false tax attributes to claim refunds to which they are not entitled. These refunds were either frozen by the IRS after intercepting the fraudulent returns or directed to bank accounts which the respective taxpayers did not control. This activity prevents taxpayers from filing accurate returns for themselves and increases tax administration and enforcement costs for the United States.

13

80.    Thomas' conduct harms the United States by the loss of substantial tax revenue. Thomas consistently underreported customers' tax liabilities and claimed bogus refunds on behalf of her customers.  Between tax years 2010 and 2013, the IRS identified 526 returns prepared and filed by Thomas as suspect due to the presence of attributes similar to those employing the bogus HSH income/withholding and EITC schemes.  These returns claimed refunds totaling $848,887.  Between 2014 and 2016, the IRS identified 138 returns prepared and filed by Thomas reporting HSH income greater than $5,000 and claiming EITCs.  These returns claimed total aggregate EITCs of $629,799.  Thomas has continued to prepare and file returns, so the total revenue loss could be as high as $1,478,686, or more.

81.    Thomas' unlawful practices further harm the United States because the IRS must devote its resources to investigating her activities.  The IRS expends time and resources to ascertain Thomas' customers' correct tax liabilities, recover any refunds erroneously issued, and collect any additional taxes and penalties.

82.    In addition to the direct harm Thomas causes by preparing flagrantly false returns that understate her customers' tax liabilities and inflate their refunds, Thomas' activities undermine the public confidence in statutory credits meant to encourage low-income workers with young children to maintain employment.  Thomas' activities undermine the administration of the federal tax system and encourage non-compliance with the federal tax laws.  Thomas also undermines her customers' knowledge of proper tax preparation practices by failing to review or explain entries on her customers' tax returns.

83.    Thomas' use of ID theft harms the federal government placing an additional and unnecessary administrative burden on the tax system.  The IRS must devote resources to detecting returns filed via ID theft and correcting the affected taxpayer accounts.  Thomas' ID

14

16638843.1

theft activity also harms taxpayers by making it more difficult for them to file accurate returns and could impair their ability to obtain benefits or credits.

84.     Thomas' illegal conduct also harms honest tax return preparers because by preparing tax returns that unlawfully inflate her customers' refunds, Thomas gains an unfair competitive advantage over tax return preparers who prepare returns in accordance with the law. Customers who are satisfied with the tax refunds that they receive but are often unaware of Thomas' illegal return preparation practices returned to Thomas for subsequent tax seasons.

85.     Given the seriousness and pervasiveness of Thomas' illegal conduct and that she has operated her business this way since at least 2011, Thomas is likely to continue preparing false tax returns for customers unless she is enjoined.  An injunction will serve the public interest by putting a stop to Thomas' illegal practices and the extensive harm resulting therefrom and ensure that if Thomas prepares returns in the future, the court can address that through its power of civil or criminal contempt.

## COUNT I – Injunction under 26 U.S.C. § 7407

86.     The United States incorporates by reference the allegations in paragraphs 1 through 85.

87.     26 U.S.C. § 7407 authorizes a district court to enjoin a tax return preparer from engaging in conduct subject to penalty under 26 U.S.C. §§ 6694 or 6695 or engaging in any other fraudulent or deceptive conduct that substantially interferes with the proper administration of the internal revenue laws, if the court finds that the preparer has engaged in such conduct and that injunctive relief is appropriate to prevent the recurrence of the conduct.  Additionally, if the court finds that a preparer has continually or repeatedly engaged in such conduct and that a narrow injunction (i.e., prohibiting only that specific enumerated conduct) would not be sufficient to

15

prevent that person's interference with the proper administration of the internal revenue laws, the

court may enjoin the person from further acting as a tax return preparer.  The prohibited conduct

justifying an injunction includes, among other things, the following:

A.  Thomas has continually and repeatedly engaged in conduct subject to penalty under 26 U.S.C. § 6694(a) by preparing federal income tax returns that understate her customers' liabilities based on unreasonable positions, including but not limited to falsifying HSH income and claiming false and/or unsubstantiated withholdings in an amount to which their customers are not entitled, that she  knew or reasonably should have known were unreasonable;

B.  Thomas has continually and repeatedly engaged in conduct subject to penalty under 26 U.S.C. § 6694(b) by preparing federal income tax returns that understate her customers' liabilities based on willful conduct or reckless or intentional disregard of rules or regulations;

C.  Thomas has continually and repeatedly engaged in conduct subject to penalty under 26 U.S.C. § 6695(g) by preparing federal income tax returns that understate her customers' liabilities based on her failure to comply with due diligence requirements. The Treasury regulations promulgated under 26 U.S.C. § 6695(g) prohibit a tax return preparer from claiming the EITC without first conducting proper due diligence and documenting his or her compliance with the due diligence requirements. *See* 26 C.F.R. § 1.6695-2 (2016).  Thomas failed to comply with the due diligence requirements for the EITC;

D.  Thomas' willingness to falsify information to obtain the EITC for customers and for non-customers whose identities she used unlawfully shows a reckless and/or intentional disregard for the IRS rules and regulations. Thomas has continually and repeatedly prepared federal income tax returns that claim the EITC for which she not only has not conducted or documented the required due diligence procedures, but for which she flouted these requirements by fabricating phony HSH income or withholdings in order to improperly claim the EITC; and

E.  Thomas, by using taxpayers' identities without consent to fraudulently prepare and file returns claiming refunds, has engaged in fraudulent or deceptive conduct that substantially interferes with the proper administration of the internal revenue laws. 26 U.S.C. § 7407(b)(1)(D).

88.     Thomas' continual and repeated violations of 26 U.S.C. §§ 6694 and 6695(g) fall

within 26 U.S.C. § 7407(b)(1)(A) and (D), and thus she is subject to an injunction under 26

U.S.C. § 7407.

89.     If she is not enjoined, Thomas is likely to continue to prepare and file false tax returns, causing economic harm to the United States, requiring the United States to commit finite resources to the examination of Thomas' customers' returns, and exposing such customers to large liabilities that include penalties and interest.

90.     Thomas' longstanding, continual and repeated conduct, including audacious use of fictitious HSH income and withholdings, fraudulent EITC claims, and rejected claims from the ID theft scheme subjects her to an injunction under 26 U.S.C. § 7407, and demonstrates that a narrow injunction prohibiting only specific conduct would be insufficient to prevent her interference with the proper administration of the internal revenue laws.  Thomas should be permanently barred from acting as a tax return preparer.

## COUNT II – Injunction under 26 U.S.C. § 7408

91.     The United States incorporates by reference the allegations in paragraphs 1 through 90.

92.     26 U.S.C. § 7408 authorizes a district court to enjoin any person from engaging in conduct subject to penalty under 26 U.S.C. § 6701 if injunctive relief is appropriate to prevent recurrence of such conduct.

93.     26 U.S.C. § 6701 penalizes any person who aids or assists in, procures, or advises with respect to the preparation or presentation of a federal tax return, refund claim, or other document knowing (or having reason to believe) that it will be used in connection with any material matter arising under the internal revenue laws and knowing that if it is so used, it will result in an understatement of another person's tax liability.

94.     Thomas prepared tax returns she knew would understate her customers' correct tax liabilities.  Thomas knowingly prepared federal tax returns claiming false income tax

withholdings and EITCs.  Thomas knowingly claimed fraudulent refunds for her customers. Thomas is thus subject to penalty under 26 U.S.C. § 6701(a).

95.     Thomas has engaged in this conduct in preparing hundreds of returns over multiple years.  If the Court does not enjoin Thomas, she is likely to continue to engage in conduct subject to penalty under 26 U.S.C. § 6701.  Injunctive relief is therefore appropriate under 26 U.S.C. § 7408.

### COUNT III – Injunction under 26 U.S.C. § 7402

96.     The United States incorporates by reference the allegations in paragraphs 1 through 95.

97.     26 U.S.C. § 7402 authorizes courts to issue injunctions "as may be necessary or appropriate for the enforcement of the internal revenue laws."  The remedies available to the United States under the statute "are in addition to and not exclusive of any and all other penalties." 26 U.S.C. § 7402(a).

98.     Thomas, through the actions described above, has engaged in conduct that substantially interferes with the administration and enforcement of the internal revenue laws. She is likely to continue to engage in such conduct unless enjoined.

99.     Thomas' conduct caused irreparable injury to the United States and an injunction under 26 U.S.C. § 7402(a) is necessary and appropriate.  If Thomas is not enjoined from preparing tax returns, the United States will suffer irreparable injury by erroneously providing tax refunds, which the United States may never recover, to persons not entitled to receive them and by taxpayers not reporting and paying the correct amount of taxes.

100.     Unless Thomas is enjoined, the IRS will have to continue to devote substantial time and resources to identify and locate her customers, and then examine those customers' tax returns and property records.

101.     Enjoining Thomas is in the public interest because an injunction should stop her illegal conduct and the harm it causes the United States and her customers.

102.     The Court should therefore order injunctive relief under 26 U.S.C. § 7402(a).

### Relief Sought

WHEREFORE, the United States of America requests the following relief:

A.     The Court find that Thomas has continually and repeatedly engaged in conduct subject to penalty under 26 U.S.C. §§ 6694 and 6695 and other deceptive conduct that substantially interferes with the proper administration of the tax laws; that injunctive relief is appropriate under 26 U.S.C. § 7407 to prevent recurrence of that conduct; and that injunctive relief limited to prohibiting such conduct would not be sufficient to prevent Thomas' interference with the proper administration of the Internal Revenue Code, and bar her from acting as a federal tax return preparer or operating any business that prepares federal tax returns;

B.     The Court find that Thomas has engaged in conduct subject to penalty under 26 U.S.C. § 6701, and that injunctive relief is appropriate under 26 U.S.C. § 7408 to prevent recurrence of that conduct;

C.     The Court find that Thomas has engaged in conduct that interferes with the enforcement of the internal revenue laws, and that injunctive relief against her and anyone acting in concert with her is appropriate to prevent the recurrence of that conduct pursuant to the Court's inherent equity powers and 26 U.S.C. § 7402(a);

19

D.    The Court, pursuant to 26 U.S.C. §§ 7402, 7407, and 7408, enter a permanent injunction prohibiting Thomas from:

1. acting as a federal tax return preparer or requesting, assisting in, or directing the preparation or filing of federal tax returns, amended returns, or other related documents or forms for any person or entity other than herself;

2. owning, operating, managing, working in, investing in, providing capital or loans to, receiving fees or remuneration from, controlling, licensing, consulting with, or franchising or providing a customer list for a tax return preparation business or service;

3. maintaining, transferring, assigning, holding, using, or obtaining a PTIN or EFIN; and

4. engaging in any other activity subject to penalty under 26 U.S.C. §§ 6694, 6695, 6701, or any other penalty provision in the Internal Revenue Code;

E.    The Court, pursuant to 26 U.S.C. § 7402, enter an injunction requiring Thomas, at her own expense, to:

1. immediately and permanently close all tax return preparation operations that Thomas owns through any entity, whether those operations do business as AT Tax Services or under any other name;

2. within 30 days of the Court's order, send by U.S. mail or email a copy of the final injunction entered against her in this action to each person for whom she prepared federal tax returns or any other federal tax forms, other than returns prepared under the ID theft scheme, since January 1, 2013; and

3. within 30 days of the Court's order, file with the Court and serve on counsel for the United States a certification signed under penalty of perjury by Thomas stating that she has received the executed copy of this order;

F.    The Court, without further proceedings, authorize the IRS to immediately revoke any EFIN and PTIN held by, assigned to, or used by Thomas;

G.    The Court enter an order allowing the United States to monitor Thomas' compliance with the injunction and to engage in post-judgment discovery in accordance with the Federal Rules of Civil Procedure in order to monitor compliance with the Court's injunction;

16638843.1

H.     The court retain jurisdiction over Thomas and over this action to enforce any permanent injunction entered; and

I.     The Court grant the United States such other and further relief as the Court deems appropriate.

Dated: June 12, 2018                        DUANE A. EVANS
                                            United States Attorney

                                            RICHARD E. ZUCKERMAN
                                            Principal Deputy Assistant Attorney General

                                            */s/ Julian T. A. Lee*
                                            JULIAN T. A. LEE
                                            NY Bar Number: 4523684
                                            Trial Attorney, Tax Division
                                            U.S. Department of Justice
                                            P.O. Box 7238
                                            Washington, D.C.  20044
                                            202-307-6140 (o)
                                            202-514-6770 (f)
                                            Julian.Lee@usdoj.gov
                                            *Attorney for the United States*

16638843.1

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation - Transfer

☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
_____

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**    **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**    **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**    **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.